UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 09-024(2) (MJD/FLN)

| | |
|---|---|
| United States of America, | |
| Plaintiff, | **DEFENDANT OMAR'S MEMORANDUM IN SUPPORT OF MOTION FOR DISCLOSURE OF PRISON CELL AND LAWYERS VISITING ROOM RECORDINGS UNDER 28 C.F.R. §501.3(a) AND (d) OR ANY OTHER AUTHORITY** |
| v. | |
| Mahamud Said Omar, | |
| Defendant. | |

In 2004, this United States Attorney's office indicted a man called Mohamad Kamal El-Zahabi. See United States v. El-Zahabi, No. 04-CR-282 (JRT/FLN). In that case, this United States Attorney's office installed microphones and cameras in Mr. El-Zahabi's cell and recreation room at the Oak Park Heights maximum security prison, where he was being held, beginning in May of 2004. For several years during the pendency of the case, this United States Attorney's office permitted the recording of attorney-client privileged meetings between Mr. El-Zahabi and his court appointed lawyers. This was not divulged to the defense until January 22, 2007, when the United States Attorney's office wrote to counsel advising him that "it is possible that privileged conversations could have been inadvertently included in the recordings from the cell and recreation room cameras." See Docket Sheet No. 04-CR-282 (JRT/FLN), Doc. No. 77. This was an odd revelation, since El-Zahabi had no visitors except his lawyers.

28 C.F.R. §501.3(a) and (d) appear to under narrowly restricted circumstances authorize the government to monitor or review communications between a defendant and

236436.1

his attorneys which might ordinarily be privileged. This regulation requires that counsel be notified in advance of such monitoring or review of conversations. Id. However, in the El-Zahabi case, the government monitored the communications without advance notice to counsel over a period of three years. The monitoring was initiated in 2004 and notice was given in 2007. It thus appears that this United States Attorney's office did not follow the procedures available in 28 C.F.R. §501.3(a) and (d) for monitoring attorney-client communications.

The best predictor of future human behavior is past human behavior. They have done it once; they may do it again.

The defendant's position is that the Constitution bars interception of attorney-client communications under any circumstances, and if interception or monitoring has occurred here, it should be disclosed now.

The Sixth Amendment provides, "in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." This Court has appointed counsel under 18 U.S.C. §3006A. The Supreme Court has explained that the attorney-client privilege is the foundation of the Sixth Amendment right to counsel. See Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). The purpose of the privilege is to encourage full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. Id. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyers being fully informed by the client. Id. A lawyer can only safely and readily render legal assistance when it is free from the

consequences or the apprehension of disclosure of the communications.  Hunt v. Blackburn, 128 U.S. 464, 470 (1888).

Mr. Omar was confined in the Netherlands under arrest on a warrant issued as a result of this indictment.  He has remained confined in the United States since being transported here from the Netherlands in August of 2011.  Particularly in the prison setting, attorney-client communication has been held sacrosanct.  See, e.g., Al Odah v. United States, 345 F.Supp.2d 1, 10 (D.D.C. 2004) (held that the government could not abrogate the attorney-client privilege of habeas petitioners by engaging in real time monitoring of meetings between petitioners and their counsel); Mann v. Reynolds, 46 F.3d 1055, 1061 (1995) (invalidated a prison rule preventing contact visits between inmates and attorneys as improperly restricting a defendant's meaningful access to his attorney and the courts).  This case recognized that meaningful access to the courts includes the opportunity to communicate privately with an attorney.  Id.  See also, Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1990); Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir. 1974); and Adams v. Carlson, 488 F.2d 619, 631 (7th Cir. 1973).

An intrusion into the attorney-client relationship by the government is grounds for dismissal of the indictment.  United States v. Morrison, 449 U.S. 361, 365 (1981); United States v. Singer, 785 F.2d 228, 235 (8th Cir. 1986); Weatherford v. Bursey, 429 U.S. 545 (1976).

The government may contend that the C.F.R. section noted above may justify such an intrusion.  However, Congress in passing a statute cannot eviscerate a protected

privilege.  E.g., Dickerson v. United States, 530 U.S. 428, 439 (2000) (statute undercutting Fifth Amendment/Miranda protection not upheld).

If such monitoring of Mr. Omar's conversations with his lawyers have occurred, be it in the Netherlands or in the United States, the government should be ordered to disclose this.  If it has occurred, Mr. Omar will move to dismiss the indictment with prejudice under the above authorities after a contested hearing consistent with Black v. United States, 385 U.S. 26, 28 (1966) (holding government surveillance of attorney-client conversations mandated conviction be reversed, case remanded for a hearing to be held on the breach); O'Brien v. United States, 387 U.S. 345, 346 (1967) (same).

Dated:  February 14, 2012        FELHABER, LARSON, FENLON & VOGT, P.A.


By:   s/Jon M. Hopeman
     Jon M. Hopeman, #47065
220 South Sixth Street, Suite 2200
Minneapolis, Minnesota 55402
(612) 339-6321
(612) 338-0535 (fax)
jhopeman@felhaber.com

- and -

GASKINS, BENNETT, BIRRELL, SCHUPP, L.L.P.


By:   s/Andrew S. Birrell
     Andrew S. Birrell, #133760
333 South Seventh Street, Suite 2900
Minneapolis, MN 55402
(612) 333-9510
(612) 333-9579 (fax)
abirrell@gaskinsbennett.com

ATTORNEYS FOR MAHAMUD SAID OMAR