UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 09-024(2) (MJD/FLN)

United States of America,

        Plaintiff,

v.

Mahamud Said Omar,

        Defendant.

**DEFENDANT OMAR'S MEMORANDUM IN SUPPORT OF MOTION FOR BILL OF PARTICULARS**

A bill of particulars should be ordered for these reasons:

1. The indictment appears to allege in Counts 1, 3, and 5 that Mr. Omar participated in three conspiracies. It is not alleged who any of his co-conspirators were. Worse, the reader cannot discern whether the three conspiracies are all charged based upon the same facts, whether one or more of the conspiracies are charged based upon different facts, or whether three separate conspiracies involving separate facts are charged. Mr. Omar needs to know, for if the counts are based upon the same set of facts, they may be multiplicitous. Multiplicity is the charging of a single offense in different counts. United States v. Johnson, 495 F.3d 951, 980-81 (8th Cir. 2007); United States v. Sandstrom, 594 F.3d 634, 659 (8th Cir. 2010). Multiplicitous indictments are generally improper because they may prejudice the defendant or result in multiple sentences for a single offense in violation of the Double Jeopardy clause. United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005).

2. A careful reading of the indictment does not tell us whether it is multiplicitous as to Counts 1, 3 and 5.

3. The indictment alleges in Counts 1, 2, 3, and 4 that Mr. Omar either conspired to provide, or did provide, "financial support and personnel." The nature of the financial support and the identities of the personnel are not told. We need to know in order to defend.

4. Count 1 alleges Mr. Omar conspired to provide, and Count 2 alleges he did provide, financial support and personnel, knowing that the financial support and personnel were to be used to violate Title 18, United States Code, Section 956(a)(1), another conspiracy, this time to kill persons in another country. In other words, Count 1 seems to invent a new creature in the law – a §2339A(a) conspiracy to commit a §956(a)(1) conspiracy. Count 2 cobbles together another new creature – §2 aiding and abetting one's §956(a)(1) co-conspirators. To defend, Mr. Omar needs to know what the grand jury alleges. Has Mr. Omar been charged with a conspiracy to commit a conspiracy? Or only with aiding and abetting to commit a conspiracy? Or, is he charged with committing a single overall conspiracy here?

5. Counts 1 and 2 incorporate a conspiracy to kill persons in foreign countries. Is this the same conspiracy to kill others in foreign countries which is alleged in Count 5? Mr. Omar needs to know for the reasons stated in Part 1 above.

6. To defend, Mr. Omar must know what "terrorist activity and terrorism" were or are engaged in by al-Shabaab as alleged in Counts 3 and 4 of the indictment. We

assume to be designated on the government's list in the Federal Register, an organization would have to commit more than a single act.  May we be told?

7. Multiplicity does not exist in each count if the indictment requires proof of facts that the other counts do not require.  <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932); <u>United States v. Sandstrom</u>, 594 F.3d 634, 659 (8th Cir. 2010); <u>United States v. Platter</u>, 514 F.3d 782, 786 (8th Cir. 2008) (indictment charging felon in possession of firearm and drug user in possession of firearm multiplicitous because both charges stemmed from the same act of possession).  Without a bill of particulars the defense cannot make an informed motion to dismiss for multiplicity, and the Court cannot make an informed ruling.

The discovery does not provide Mr. Omar with sufficient detail about the charges to prepare a defense, or even to move to dismiss for multiplicity.

The court has broad discretion is granting or denying a bill of particulars. <u>United States v. Sileven</u>, 985 F.2d 962, 966 (8th Cir. 1993).  A key consideration in determining whether a defendant is entitled to a bill of particulars is whether the indictment provides sufficient detail of the charges to enable the defendant to prepare a defense. <u>See</u> <u>United States v. Johnson</u>, 225 F.Supp.2d 982, 992 (N.D. Iowa 2002)(internal citations omitted). "'It is generally sufficient that an indictment set forth the offense in the words of the statute . . .' *as long as* the elements of the offense are delineated *and the general statement is accompanied by the specific facts constituting the offense*." <u>Id.</u> (citing <u>United States v. Helmel</u>, 769 F.2d 1306, 1322 (8th Cir. 1985))(emphasis in original).  An indictment simply setting forth the offense in the words of the statute, as in Mr. Omar's

case, may not be sufficient.  Hamling v. United States, 418 U.S. 87, 117-118, 94 S. Ct. 2887, 2908 (1974).  Such an indictment may not be sufficient where guilt depends upon questions of fact.  Id.  Here, the Indictment provides absolutely no facts regarding the Government's allegations.  Mr. Omar is entitled to that information to enable him to prepare a defense and to prepare a motion to dismiss counts for multiplicity.  See id.

Mr. Omar respectfully requests that the Court order the government to provide a bill of particulars.

Dated:  February 14, 2012          FELHABER, LARSON, FENLON & VOGT, P.A.


By:    s/Jon M. Hopeman
         Jon M. Hopeman, #47065
220 South Sixth Street, Suite 2200
Minneapolis, Minnesota 55402
(612) 339-6321
(612) 338-0535 (fax)
jhopeman@felhaber.com

- and -

GASKINS, BENNETT, BIRRELL, SCHUPP, L.L.P.


By:    s/Andrew S. Birrell
         Andrew S. Birrell, #133760
333 South Seventh Street, Suite 2900
Minneapolis, MN 55402
(612) 333-9510
(612) 333-9579 (fax)
abirrell@gaskinsbennett.com

ATTORNEYS FOR MAHAMUD SAID OMAR

236090.1                                        4