UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

  v.                                 O R D E R
                                         Crim. No. 09-242 (MJD/FLN)

Mahamud Said Omar,

    Defendant.
_____

      John Docherty, Charles J. Kovats and LeeAnn K. Bell, Assistant United States Attorneys and William M. Narus, United States Department of Justice, Counsel for Plaintiff.

      Andrew S. Birrell, Jon M. Hopeman and Paul C. Dworak, Counsel for Defendant.
_____

The above-entitled matter comes before the Court upon the government's objections to the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated July 19, 2012, recommending that this Court grant Defendant's motion to suppress identification evidence, suppress any in-court identification by Witnesses 1-4, and suppress any in-court voice identification of the Defendant. Pursuant to statute, the Court has conducted a <u>de novo</u> review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b).

The government objects to that portion of the Report and Recommendation regarding in-court identification by Witnesses 1-4.

I.  **Defendant's Motion to Suppress Identification Evidence**

   A.  **Evidentiary Hearing**

In his motion to suppress identification evidence, the Defendant argues such evidence should be suppressed as the display of the Defendant in photographs was impermissibly suggestive so as to give rise to a substantial likelihood of irreparable misidentification of the Defendant.

At the hearing on May 23, 2012, the government called those FBI agents that conducted the interviews of Witnesses 1-4, and who had displayed the Defendant's photograph to those individuals during the interviews. The Court has reviewed the transcript of this hearing, and finds that the Report and Recommendation accurately states the manner in which each of the interviews were conducted, and the Court thus adopts those findings of facts. In summary, the four witnesses were interviewed by four different FBI agents, yet each agent used substantially the same procedure with respect to the presentation of photographs - each witness was shown a number of photographs, one at a time, and asked if he/she knew the person in the photograph, and if so, how and what

the witness knew of that person[1].

### B. Whether the Use of Photographs During Interviews was an Identification Procedure.

The government objects to the Magistrate Judge's conclusion that the use of photographs during the interviews was an identification procedure. The government asserts the use of photographs was a means to guide the interview, to discuss persons of interest and to ensure that the witness and the agent were discussing the same person given the fact that many of the persons of interest had similar names or were referred to by names other than their legal name.[2]

The Magistrate Judge found that despite the asserted necessity of using photographs during the interview of witnesses, the procedure was nonetheless an identification procedure. This Court agrees. When a photograph is shown to an individual during an interview, and the individual recognizes and discusses the person in the photograph, an identification is made. Accordingly, the Court adopts the Magistrate Judge's determination that the procedure is an identification procedure.

---

[1] Each witness was shown varying numbers of photographs, however.

[2] For example, Witnesses 1-4 each referred to the Defendant as "Sharif", yet his legal name has been determined to be Mahamud Said Omar.

3

## C. Standard of Review Governing Identification Procedures

The Due Process Clause protects against the admission of evidence that is derived from a suggestive identification procedure. Neil v. Biggers, 409 U.S. 188, 196 (1972). To determine whether an identification procedure violates Due Process, the Court must first determine whether the procedure used was suggestive and unnecessary. Perry v. New Hampshire, 132 S. Ct. 716, 724 (2012). If the Court finds the procedure was suggestive and unnecessary, the Court must then determine whether such procedure created a substantial likelihood of misidentification. Id. In making this determination, the Court is directed to consider the reliability of the identification, taking into consideration such factors as

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.

Manson v. Brathwaite, 432 U.S. 98, 114 (1977) (citing Biggers 409 U.S. at 199-200).

Based on the evidence presented at the May 23, 2012 hearing, the Court finds that the use of photographs during the interviews of Witnesses 1-4 was not impermissibly suggestive and that the identifications at issue were reliable.

With respect to all four witnesses, each was shown multiple photographs and asked if he/she knew the person in the photograph. On those occasions in which the witness was shown Defendant's photograph, the witness readily identified the Defendant without prompting or in response to leading questions. (Tr. at 23, 24, 26, 52, 64, 67-69, 82, 102, 118.) Each testified they were familiar with the Defendant from the Mosque, an al-Shabab safe-house in Somalia, or both. (Tr. at 27, 32, 64, 105, 125; Government Ex. 1 (FBI 302s (Bates Nos. 6285, 6309, 6337, 6393).) Agent Rielly testified that Witness 1 had indicated that he had known the Defendant for over a decade. (Tr. at 84.)

While the Court has determined that the use of photographs during the interviews was an identification procedure, it was not an identification procedure in the typical sense - that is, where a witness to a particular crime is asked to identify a previously unknown individual that may or may not be a suspect to the crime witnessed. Here, there is no evidence that Witnesses 1-4 were told that the Defendant was a suspect to any crime prior to being shown his photograph. Rather, in the context of providing a proffer as to the information they possessed, Witnesses 1-4 were shown a number of photographs, asked if they knew the person in the photograph and, if so, how they knew the person. Witnesses 1-4

readily identified the Defendant as Sharif, and each stated that they were familiar with him from the mosque, the safe-house in Somalia, or both.

Under similar circumstances, where the witness was already familiar with the defendant prior to the identification, the Eighth Circuit has held the identification from one image was not unnecessarily suggestive. United States v. Dobbs, 449 F.3d 904, 909-10 (8th Cir. 2006) (finding that where a person already familiar with a suspect is asked to comment on whether an image portrays the suspect, the concern for false recollection is absent). See also United States v. Latham, No. 12-25, 2012 WL 1155216, at *2 (D. Minn. Apr. 5, 2012) (finding that use of single photograph was not suggestive where witness was familiar with defendant and witness was not told defendant was a criminal suspect prior to identification); United States v. Stoltz, Crim. No. 11-096, 2011 WL 2533872, at *13 (D. Minn. Jun. 3, 2011) (Report and Recommendation adopted by Order dated June 27, 2011) (finding that use of single photograph to identify the defendant was not unduly suggestive as eyewitnesses had interacted with the defendant at pawn shop on several previous occasions).

The Magistrate Judge found that the government could not rely on Dobbs because it presented no evidence that the witnesses had a significant relationship

with the Defendant prior to the identification. The government need only show, however, that the witness was familiar with the defendant, not that the witness had a signification relationship with the defendant. See Dobbs 449 F.3d at 910 ("In general, a girlfriend, relative, *or other acquaintance* is better equipped than a juror to determine if an image on a tape is, in fact, the image of the known person.") (emphasis added). Here, the witnesses testified that they were familiar with the Defendant from the mosque or from an al-Shabab safe-house in Somalia, or both. The Court finds that such evidence, in and of itself, is sufficient to show that the witnesses were sufficiently familiar with the Defendant to provide an accurate identification.[3]

For these reasons, the Court will deny the Defendant's motion to suppress any in-court identifications of the Defendant by Witnesses 1-4.

**IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Suppress Identification Evidence (Doc. No. 119) is **GRANTED** in part and **DENIED** in part as follows; to the

---

[3]The Court recognizes that not all evidence was presented as to the extent of the witnesses' knowledge of the Defendant, but the Court is satisfied that the evidence in the record is sufficient to demonstrate that Witnesses 1-4 had a pre-existing familiarity with the Defendant prior to their respective identifications of the Defendant.

extent the Defendant seeks to suppress in-court voice identification evidence, the motion is **GRANTED** and to the extent that the Defendant seeks to suppress in-court identifications of Defendant by Witnesses 1-4, the motion is **DENIED**. Witnesses 1-4 may provide an in-court identification provided adequate foundation is laid for such testimony.

2. Defendant's Motion to Strike Government's Rebuttal [Doc. No. 205] is **GRANTED**; and

3. Government's Motion to Accept Rebuttal [Doc. No. 206] is **DENIED.**

Date: September 13, 2012

                                        s/Michael J. Davis
                                        Michael J. Davis
                                        Chief Judge
                                        United States District Court

Criminal No. 09-242